## McMAHON v. ROTHCHILD.

### (Supreme Court, Appellate Term. February 5, 1909.)

1. SALES (§ 364*)—ACTION FOR PRICE—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In an action for the price of a fur coat purchased upon approval, which defendant claimed was not approved by his wife and was returned to plaintiff by one of her employés, where the evidence authorized a finding that the coat was called for by the employé on plaintiff's authority, it was error to instruct that defendant must connect plaintiff with the redelivery of the coat directly or by circumstances justifying an inference that she was a party to obtaining the coat from defendant to defraud him.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 364.*]

2. MASTER AND SERVANT (§ 6*)—EMPLOYMENT—SUFFICIENCY OF EVIDENCE.

In an action for the price of a coat sold subject to return on disapproval, where defendant claimed it was returned on disapproval by a boy in plaintiff's employment, evidence *held* to justify a finding that the boy was employed by plaintiff when he received the coat and called for it on her authority.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 6.*]

Appeal from City Court of New York, Trial Term.

Action by Clara E. McMahon against Edward S. Rothchild. From a judgment for plaintiff, defendant appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Herman I. Lurie, for appellant.

Hastings & Gleason (A. H. Gleason, of counsel), for respondent.

GIEGERICH, J. The action is to recover the value of a coat alleged to have been delivered to the defendant upon agreement that it was to be paid for if approved; otherwise, to be returned to the plaintiff. The answer was in effect a general denial.

The plaintiff proved that the defendant and his wife called at the plaintiff's store, where they were shown a woman's chinchilla coat, which, however, was too short; that the saleswoman told them that she had another coat out on approval, which she would get back and send to them at the Hotel St. Regis, where they were living, and that the price would be $985 if accepted; that on the following Monday the coat was given to one Bartholomew Sheehan, an employé of the plaintiff, to deliver to the defendant's wife at the St. Regis, which he testified he did a few minutes after 6 o'clock that evening.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Without objection from the plaintiff's attorney to such a method of presenting the question to the court, the attorney for the defendant then offered to prove that after the delivery of the coat to his wife and its disapproval by her, and apparently on the same evening it was delivered, which would appear from the record to be Monday, a boy called for the coat and the defendant delivered it to him. This boy, as the defendant afterward learned, was named Zucker, and had been in the employment of the plaintiff previous to that evening and subsequently. The defendant's attorney also offered to prove that when the defendant made inquiries of the Sheehan boy and other employés of the plaintiff who had had to do with the sale and delivery of the coat as to whether there was another delivery boy in addition to Sheehan in the employment of the company, he was told that there was not, and that later some of those employés admitted that the reason why they did not mention the Zucker boy was because the description given by the defendant tallied with his appearance and they were afraid of getting him into trouble; a criminal proceeding having been instituted in the meantime. There was testimony, also, on the part of one of plaintiff's employés, that the Zucker boy was discharged on the evening he called for and obtained the coat, but was re-employed the next morning. The testimony as to such discharge and re-employment was given by one Bolnick, who admitted his intimacy with the Zucker boy, and that he had attended the theater with him a few nights after the delivery of the coat. No reason was given for the discharge, other than that the Zucker boy was slow, and no reason whatever was given for his re-employment the morning following. The defendant's counsel also offered to prove that the plaintiff herself by advice of counsel refused to have anything to do with the defendant's efforts to discover the boy to whom he had delivered the coat.

Upon such a state of the evidence and such an offer of proof the court ruled that the defendant "must connect Mrs. McMahon (the plaintiff) with the delivery of the coat directly or by such a state of circumstances as that the jury may infer that she was a party in obtaining this coat from Mr. Rothchild for the purpose of cheating and defrauding Mr. Rothchild," or else no defense was made out. This ruling, we think, was clearly erroneous. Upon the facts in evidence, and the further facts which the defendant's counsel offered to prove (there being no objection from the plaintiff's counsel to that method of bringing the matter before the court for a ruling), it would have been permissible for the jury not only to discredit the remarkable story of the discharge of the Zucker boy and find that he was in fact in the employment of the plaintiff at the time he called for the coat, but to go further and find that he called for it by her authority, conferred either directly or through her employés who were handling the transaction on her behalf.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.